UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM BELLER, JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00579-TWP-KMB |
| | ) |
| SAM'S EAST, INC. d/b/a SAM'S CLUB, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON JURISDICTION

It has come to the Court's attention that Defendant Sam's East, Inc. d/b/a Sam's Club ("Sam's East") Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

For purposes of diversity jurisdiction, the citizenship of an unincorporated association, like a partnership or limited liability company, is every state of which an individual partner or member is a citizen. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021); *see Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996). Further, the citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, 2011 WL 6003124, at *3 (S.D. Ind.

Nov. 30, 2011). Thus, the notice of removal must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982).

The Notice of Removal alleges that Sam's East is an unincorporated association ([Filing No. 1 at 3](#) ("The citizenship of unincorporated associations such as Defendant . . . .")). The Notice of Removal further alleges, "Defendant Sam's East, Inc. is wholly owned subsidiary [*sic*] of Wal-Mart, Inc. Wal-Mart, Inc. is a corporation organized under the laws of Delaware. The principal place of business of all entities referenced above is the State of Arkansas." *Id*. These allegations fail to sufficiently allege the citizenship of Sam's East because they do not identify the partners or members of Sam's East and their states of citizenship. The allegation identifying Sam's East's parent company does not suffice. "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. Failure to go through all the layers can result in dismissal for want of jurisdiction." *Meyerson*, 299 F.3d at 617 (7th Cir. 200) (citations omitted)); *see Middlemen Serv. Professionals, LLC v. Aion Mgmt., LLC*, No. 23-cv-1336, 2024 WL 454975, at *2 (S.D. Ind. Feb. 6, 2024) (finding defendants did not adequately allege citizenship of limited liability company by asserting that "[the Defendant] is a wholly owned subsidiary of [another company]'—as opposed to identifying who the Defendant's *members* are" (emphasis in original)); *Great Am. Assurance Co. v. Michel*, No. 23-cv-1668, 2023 WL 6519499, at *1 (S.D. Ind. Oct. 5, 2023) (finding allegation identifying sole manager of limited liability company did not adequately identify members or citizenship).

Further, even if the Notice of Removal had alleged that Sam's East is a corporation, instead of an unincorporated association, it would still fail to sufficiently allege the citizenship of Sam's

2

East because it does not identify Sam's East's state of incorporation. *See Kerr-McGee Chemical Corp.*, 677 F.2d at 578 n.13.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

As the party asking this Court to invoke its jurisdiction, Sam's East must properly allege the citizenship of each of the parties to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, Defendant Sam's East is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the parties. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED**.

Date: 4/11/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Lynsey F. David
LEWIS WAGNER, LLP
ldavid@lewiswagner.com

Ryan Daniel Etter
KEN NUNN LAW OFFICE
ryane@kennunn.com

Lesley A. Pfleging
LEWIS WAGNER, LLP
lpfleging@lewiswagner.com

Madeline Leigh Richmond
Lewis Wagner
mrichmond@lewiswagner.com